# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| TRACI M. GUYNUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:21-cv-00079 |
| ) | |
| JUDGE THOMAS CULLEN, ) | **MEMORANDUM OPINION** |
| *United States District Judge for the* ) | **AND ORDER** |
| *Western District of Virginia*, ) | |
| CHIEF DEPUTY TRAVIS SUMPTION, ) | By:   Hon. Frank W. Volk |
| *Clarke County Sheriff's Department*, and ) | United States District Judge |
| CARLA GIACOMANGELI, ) | |
| ) | |
| Defendants. ) | |

Pending is Plaintiff Traci M. Guynup's Application to Proceed Without Prepayment of Fees and Costs, filed December 28, 2021, and her second Motion for Leave to Proceed In forma pauperis. [Docs. 1, 11]. Also pending are Ms. Guynup's Complaint [Doc. 2], Motion for Hearing on Summons and E-file [Doc. 6], Second Motion to E-file [Doc. 12], Motion to Impose Expenses [Doc. 7], and her Second Motion Regarding Judicial Immunity, Motion to Issue Summons to Sumption and Giacomangeli [Doc. 13]. The matter is ready for screening pursuant to 28 U.S.C. § 1915.

**I.**

In 2020, Ms. Guynup entered a business relationship with Ms. Carla Giacomangeli for the use of Ms. Giacomangeli's 2006 Lexus, farm property at 105 Bishop Meade Road, and various personal property. Ms. Guynup performed work on the property as partial payment of rent. She was permitted to leave her electronic bicycle, chickens, ducks, and beehives at Ms.

Giacomangeli's property. The parties' relationship deteriorated in approximately June 2020, and Ms. Giacomangeli began constructively evicting Ms. Guynup. Specifically, Ms. Guynup alleges a constructive eviction occurred when Ms. Giacomangeli moved Ms. Guynup's belongings, refused to pay for work completed by Ms. Guynup, verbally harassed Ms. Guynup, and removed articles of Ms. Guynup's personal property from 105 Bishop Meade Road. [Doc. 2 at 5 – 7].

On June 27, 2020, Ms. Giacomangeli sought to recover her Lexus. Ms. Guynup refused to return the vehicle if she did not receive her own property in exchange. Ms. Guynup contacted the non-emergency number for the Clarke County Sheriff's Department concerning the return of her belongings, but officers were not dispatched at that time. Ms. Giacomangeli also contacted the Clarke County Sheriff's Department regarding unauthorized usage of her vehicle. Deputy Travis Sumption with the Clarke County Sheriff's Department arrived at 105 Bishop Meade Road to investigate the matter. After speaking with Ms. Giacomangeli, Deputy Sumption drove to Ms. Guynup's residence at 405 Hermitage Boulevard. Deputy Sumption asked Ms. Guynup about the vehicle. She explained she was an authorized user on the vehicle's insurance policy. [*Id.* at 7 – 13]. Deputy Sumption asked Ms. Guynup for the vehicle's keys and location. When she refused, he instructed her remain at the residence as he searched for the vehicle. He found the vehicle on Cameron Street and contacted Ms. Giacomangeli for retrieval. [*Id.* at 22 – 24].

Ms. Guynup instituted an action pursuant to 42 U.S.C. § 1983 against Deputy Sumption. *See Traci M. Guynup v. Clarke County Sheriff Chief Deputy Travis Sumption*, Civil Action No. 5:20-cv-00086. The Honorable Thomas T. Cullen, District Judge, entered a nineteen-page Memorandum Opinion granting Deputy Sumption's motion for summary judgment on the following claims: (1) unreasonable searches of Ms. Giacomangeli's farm and Ms. Guynup's

apartment; (2) unreasonable search or seizure of the 2006 Lexus; (3) unreasonable seizure of Ms. Guynup's personal property; (4) due process violations; (5) excessive force; and (6) false arrest. *Id.* at Docs. 66, 68. The United States Court of Appeals for the Fourth Circuit affirmed, and the motions for rehearing and rehearing en banc were denied. *Id.* at Docs. 96, 97, 99. The mandate issued on March 9, 2022. *Id.* at Doc. 100.

Ms. Guynup renews her 42 U.S.C. § 1983 action against Deputy Sumption and asserts new claims against Judge Cullen and Ms. Giacomangeli. Notably, she alleges the three defendants engaged in a conspiracy to violate her civil rights and deny her relief in the previous civil action. [Doc. 2 at 5].

## II.

Because Ms. Guynup has applied to proceed without prepayment of fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. The Court is required to dismiss the Complaint if "the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court must construe pro se filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court should not deny a pro se litigant relief for mere technical deficiencies in her pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, the Court may not construct legal arguments for a plaintiff, nor is it required to "conjure up questions never squarely presented to [it.]" *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Liberal construction does not allow the Court to ignore clear failure of the pleadings to allege facts sufficient to support her claim. *Weller v. Dep't of Soc. Servs.*,

901 F.2d 387, 391 (4th Cir. 1990).

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory" and lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-328.

## III.

### A. *Conspiracy*

Ms. Guynup asserts against all Defendants a claim of conspiracy.[1] [Doc. 2 at 4 – 5]. Specifically, she challenges Judge Cullen's recitation of the facts and determination of the reliability of the evidence within the Memorandum Opinion. She asserts that in denying her relief against Deputy Sumption, the Defendants conspired to fabricate evidence to deprive her of rights secured under the Constitution. [*Id.*].

To establish a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights, a plaintiff must prove the following elements:

---

[1] Ms. Guynup relies upon 18 U.S.C. §§ 241 – 242. [Doc. 2 at 2]. These statutes criminalize conspiracy against a person's civil rights and do not provide a private right of action. The claim is thus construed as one under 42 U.S.C. § 1985(3).

4

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus, to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir.1985) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971); *United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 828–29 (1983); *Ward v. Connor*, 657 F.2d 45, 47 n. 2 (4th Cir.1981)).

Ms. Guynup has not pled facts giving rise to a plausible claim. Foremost, she omits allegations in service of a class-based, invidiously discriminatory animus. Her allegations are conclusory, and she presents no evidence to support their plausibility. The Court thus concludes Ms. Guynup has not stated a claim upon which relief can be granted.

### B. Deputy Sumption

Ms. Guynup asserts substantially similar claims against Deputy Sumption as in the previous suit adjudicated on the merits. Res judicata, or claim preclusion, applies when there is "'(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'" *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)). *See Brown v. Felson*, 442 U.S. 127, 131 (1979); *Lucky Brand Dunagrees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S.Ct. 1589, 1594 (2020). Res judicata unquestionably bars the claims against Deputy Sumption. The Court thus concludes Ms. Guynup has failed to state a non-barred, plausible claim against Deputy Sumption.

### C. Judge Cullen

Ms. Guynup pleads claims under 42 U.S.C. § 1983. [Doc. 2 at 1]. Any actionable

claim against Judge Cullen, however, would require allegations giving rise to suit under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under the most liberal construction, a *Bivens*' implied cause of action is only permissible in very limited circumstances. *See Bivens*, 403 U.S. 388 (1971) (action permitted against Federal Bureau of Narcotics officers for searching a home in violation of Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (action permitted against congressman for employment discrimination based on sex and violation of Fifth Amendment due process clause); *Carlson v. Green*, 446 U.S. 14 (1980) (action permitted for Eighth Amendment violations when failure to provide medical assistance led to prisoner's death). *But see Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1857 (2017) (collecting cases in which the Court has declined to expand the *Bivens* implied damages remedy and holding *Bivens* does not extend to detention policy claims); *Hernandez v. Mesa*, 589 U.S. __, 140 S. Ct. 735, 749 (2020) (holding no *Bivens* action is available against a border security agent for a cross-border shooting); *Egbert v. Boule*, __ U.S. __, No. 21-147, 2022 WL 2056291 (June 8, 2022) (holding no *Bivens* action is available for Fourth Amendment excessive force claims or First Amendment retaliation claims against a border security agent).

The Supreme Court disfavors *Bivens* expansions. *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009); *Ziglar*, 137 S. Ct. at 1857; *Hernandez*, 140 S. Ct. at 742; *Egbert*, __ U.S. at *6. To determine whether a *Bivens* action is available, the court must determine whether (1) the case presents a new *Bivens* context and, if so, (2) whether "'special factors counsel[] hesitation in the absence of affirmative action by Congress.'" *Ziglar*, 137 S.Ct. at 1857 (quoting *Carlson*, 446 U.S. at 18) (internal citation omitted); *Egbert*, __ U.S. at *6. Essentially, the Court counseled lower courts to answer the following question: "whether there is any reason to think that Congress might be better equipped to create a damages remedy[?]" *Egbert*, __ U.S. at *6. The Court has never

6

explicitly defined what "special factors counseling hesitation" should be considered, simply "because no court could forecast every factor that might 'counsel hesitation.' . . . Even in a particular case, a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*." *Id.* (internal citations omitted). *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("In 30 years of *Bivens* jurisprudence we have extended its holding only twice, to provide an otherwise nonexistent cause of action against individual officers alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked any alternative remedy for harms caused by an individual officer's unconstitutional conduct. Where such circumstances are not present, we have consistently rejected invitations to extend *Bivens*.").

Ms. Guynup's claims against Judge Cullen allege conspiracy and various factual inaccuracies within the previous Memorandum Opinion. Her conspiracy claims seem intertwined with her frustration over the alleged factual inaccuracies. Specifically, she asserts Judge Cullen intentionally "plagiarized," "contradicted," and "failed to disclose" certain facts in his Memorandum Opinion, which support the existence of the purported conspiracy to deny her relief in the action against Deputy Sumption. [Doc. 2 at, *e.g.,* 15 – 18].

This case thus presents a context quite unlike other *Bivens* actions. Even so, "if there is an alternative remedial structure present in a certain case, that alone . . . may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Ziglar*, 137 S.Ct. at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). Here, the "alternative remedial structure" is appellate review of the subject Memorandum Opinion. Ms. Guynup appealed the Memorandum Opinion. Our Court of Appeals had access to the entire record of the case, including the Memorandum Opinion and all evidence presented to support or refute the claims. There was no reversal. Given Ms. Guynup availed herself of the

process due, there is no reason to allow a *Bivens* action against Judge Cullen. An unfavorable appellate outcome does not give rise to a constitutional violation.

Assuming the scenario here could give rise to a *Bivens* claim, absolute judicial immunity blocks the way. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 20 L.Ed. 646 (1872)).

The Supreme Court "make[s] clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[T]he nature of the function performed, not the identity of the actor who performed it" dictates the applicability of immunity. *Forrester*, 484 U.S. at 229.

As stated, Ms. Guynup's claims chiefly relate to Judge Cullen's Memorandum Opinion. The formulation and entry of judicial opinions resides comfortably within Judge Cullen's judicial capacity. It is likewise clear Judge Cullen was vested with jurisdiction to adjudicate the subject motion for summary judgment. The action against Deputy Sumption, a Clarke County Sheriff's Deputy, was brought under 42 U.S.C. § 1983, the federal civil rights statute allowing

8

redress from a state officer. No party disputed the Court's subject matter jurisdiction, nor did our Court of Appeals.

Consequently, Judge Cullen was acting within his judicial capacity in issuing the Memorandum Opinion in a matter over which he had jurisdiction. He is entitled to judicial immunity, and Ms. Guynup's claims against him fail.

### D. Ms. Giacomangeli

Ms. Guynup's claims against Ms. Giacomangeli include conspiracy, illegal eviction/lease termination, false reporting, larceny, wage theft, fraud, and perjury in other courts. [Doc. 2 at 2 – 3; 16]. The Court discussed the fallibility of the conspiracy claim in Section III.A. The remaining claims arise out of Virginia law and are asserted against a private citizen. The Court may exercise supplemental jurisdiction over the claims within the same case or controversy as those providing the basis for the Court's original jurisdiction. 28 U.S.C. § 1367(a). This requires the claims to "'derive from a common nucleus of operative fact' and [be] 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court may, however, "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 203 (4th Cir. 1997); *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 393 – 94 (4th Cir. 2012). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie–Mellon*

9

*Univ.,* 484 U.S. at 350 n. 7; *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir.1993)). As discussed, the claims against Deputy Sumption and Judge Cullen cannot survive the Court's screening of the Complaint. Having considered the applicable factors, the Court declines to exercise supplemental jurisdiction over the claims against Ms. Giacomangeli.

### IV.

Based on the foregoing discussion, the Court **ORDERS** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and her Second Motion for Leave to Proceed In forma pauperis are **DENIED [Docs. 1, 11]** and Plaintiff's Complaint is **DISMISSED [Doc. 2]**. The Motion for Hearing on Summons and E-file **[Doc. 6]**, Second Motion to E-file **[Doc. 12]**, Motion to Impose Expenses **[Doc. 7]**, and Second Motion Regarding Judicial Immunity, Motion to Issue Summons to Sumption and Giacomangeli **[Doc. 13]** are hereby **DENIED** as moot.

The Court **DIRECTS** the Clerk to send a copy of this opinion to counsel of record and any unrepresented party.

ENTER:        August 12, 2022

Frank W. Volk
United States District Judge